**The TAUBMAN REALTY GROUP LIMITED PARTNERSHIP, a Delaware Limited Partnership; TRG–Regency Square Associates LLC, a Virginia Limited Liability Corporation, Plaintiffs–Appellants,**

**v.**

**Norman Y. MINETA, Secretary of Transportation; Federal Highway Administration; County of Henrico, Virginia, Defendants–Appellees.**

No. 02–1612.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 21, 2003.

Decided Feb. 21, 2003.

476

**ARGUED:** Steven Raymond Johnson, Schnader, Harrison, Segal & Lewis, L.L.P., Washington, DC, for Appellants. Robert Dean Perrow, Williams Mullen, P.C., Richmond, VA; Steven E. Gordon, Assistant United States Attorney, Alexandria, VA, for Appellees. **ON BRIEF:** Neil T. Proto, Gordon S. Woodward, Matthew B. Holmwood, Schnader, Harrison, Segal & Lewis, L.L.P., Washington, DC, for Appellants. Paul J. McNulty, United States Attorney, Alexandria, VA, for Appellees.

Before KING, Circuit Judge, HAMILTON, Senior Circuit Judge, and Morton I. GREENBERG, Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

Affirmed by published opinion. Senior Judge HAMILTON wrote the opinion, in which Judge KING and Senior Judge GREENBERG joined.

## OPINION

HAMILTON, Senior Circuit Judge.

TRG–Regency Square Associates, LLC (TRG)[1] appeals the district court's Rule 12(b)(6) dismissal with prejudice of its claim against Henrico County, Virginia (the County), alleging that the County violated the Supremacy Clause of the United States Constitution, Art. VI, § 2, by approving a certain private developer's "Plan of Development" to construct a regional shopping center known as Short Pump Town Center in the County near the intersection of Interstate Highways 64 and 295.[2] Fed.R.Civ.P. 12(b)(6). Under Supremacy Clause jurisprudence, TRG's Supremacy Clause claim is broadly characterized as alleging that the County's approval of the Plan of Development for Short Pump Town Center stands as an obstacle to the accomplishment and execution of the Federal–Aid Highway Act (FAHA), 23 U.S.C. §§ 101 to 189, and the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 to 4370e. *See, e.g., English v. General Electric Co.*, 496 U.S. 72, 79, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990).

More specifically, with respect to the FAHA, TRG's Supremacy Clause claim alleges that, by approving the Plan of Development for Short Pump Town Center, the County usurped the Secretary of Transportation's authority, as delegated to the Federal Highway Administration (FHWA), to approve new access to Interstate Highway 64 at Gayton Road or modified access to the same highway at West Broad Street. *See* 23 U.S.C. § 111(a); 23 C.F.R. §§ 625.1 to 625.4. In this regard, TRG's complaint alleges that operation of Short Pump Town Center will create such significant traffic congestion of the existing roadways in the vicinity of the development site for Short Pump Town Center that the FHWA will be required, without the ability to exercise any discretion in the matter, to approve a change in access to Interstate Highway 64. Similarly, TRG claims that the County's approval of the Plan of De-

---

1. We note that at some point after the initial filing of the complaint in the present action, TRG changed its name to Taubman Regency Square Associates, LLC.

2. TRG is a Virginia limited liability corporation, which owns Regency Square Mall, a regional shopping center located approximately five miles from the development site for Short Pump Town Center.

velopment for Short Pump Town Center is in violation of NEPA's requirement that an environmental impact statement (EIS) be prepared by the appropriate federal agency for "every recommendation or report on proposals for ... major Federal actions significantly affecting the quality of the human environment. . . ." 42 U.S.C. § 4332(C). According to TRG, the appropriate federal agency in this case is FHWA and the change in access to Interstate Highway 64 that will inevitably be required by execution of the Plan of Development for Short Pump Town Center constitutes a major federal action for purposes of NEPA.

TRG also appeals the district court's Rule 12(b)(1) dismissal of its two claims, brought pursuant to the Administrative Procedure Act (the APA), 5 U.S.C. §§ 701 to 706, against the Secretary of the United States Department of Transportation, Norman Mineta, and the FHWA (collectively the Federal Defendants). Fed. R.Civ.P. 12(b)(1). The district court dismissed these claims without prejudice.

TRG's first claim against the Federal Defendants alleged that they violated the FAHA by refusing TRG's written request that they halt the County's approval process with respect to the Plan of Development for Short Pump Town Center until FHWA performed a formal assessment to determine whether operation of Short Pump Town Center would require a change in access to Interstate Highway 64. TRG's second claim against the Federal Defendants alleged the same in the context of preparing an EIS under NEPA. The district court based its Rule 12(b)(1) dismissal of these two claims on the ground that TRG lacked standing to assert them.

For reasons that follow, we affirm.

## I.

■ Because the district court's published opinion thoroughly and accurately sets forth the relevant facts and procedural history of this case, we do not undertake to recite them again here. *See Taubman Realty Group Ltd. P'ship v. Mineta,* 198 F.Supp.2d 744, 746–52 (E.D.Va.2002). Accordingly, we proceed directly to consider TRG's challenge to the district court's Rule 12(b)(6) dismissal of its Supremacy Clause claim against the County. First, we declare our agreement with the district court's reasons for dismissing the claim. *Taubman Realty Group Ltd. P'ship,* 198 F.Supp.2d at 760–64.

■ Additionally, we reject TRG's argument, not specifically addressed by the district court, that our decision in *Maryland Conservation Council, Inc. v. Gilchrist,* 808 F.2d 1039 (4th Cir.1986), requires us to vacate the district court's dismissal of its Supremacy Clause claim. Suffice it to say that *Maryland Conservation Council, Inc.* is of absolutely no aid to TRG because, unlike the highway project at issue in that case, the shopping mall project at issue in the present case does not require federal approval in any manner for its completion. TRG seeks to avoid the import of this distinction by arguing that, under Rule 12(b)(6), we must accept as true the allegation in its complaint that the County's approval of the Plan of Development for Short Pump Town Center "will, by necessity, require a change in access to I–64, whether modifications and improvements to the I–64/West Broad Street interchange or a new interchange at Gayton Road, regardless of FHWA's discretion to approve or deny them. . . ." (J.A. 30). TRG's argument is without merit because the allegation upon which it relies is a bare legal conclusion which neither the district court nor this court is required to take as true for purposes of considering whether a complaint should survive a Rule 12(b)(6) motion.

*Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000).

In sum, we affirm the district court's Rule 12(b)(6) dismissal of TRG's Supremacy Clause claim against the County.

## II.

Next, we consider TRG's challenge to the district court's Rule 12(b)(1) dismissal of its two claims against the Federal Defendants for lack of standing. TRG's challenge is without merit.

 In order to satisfy the standing requirements of Article III of the Constitution, a plaintiff must demonstrate that: (1) it has suffered an injury in fact; (2) the asserted injury in fact is fairly traceable to, or caused by, the challenged action of the defendant; and (3) it is likely rather than just conjectural that the asserted injury in fact will be redressed by a decision in the plaintiff's favor. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). "[T]he injury-in-fact element requires that the plaintiff suffer an invasion of a legally protected interest which is concrete and particularized, as well as actual or imminent." *Friends for Ferrell Parkway, LLC v. Stasko,* 282 F.3d 315, 320 (4th Cir.2002) (internal quotation marks omitted). "In addition, an association has standing to bring suit on behalf of its members when: (1) its members would otherwise have standing to sue as individuals; (2) the interests at stake are germane to the group's purpose; and (3) neither the claim made nor the relief requested requires the participation of individual members in the suit." *Id.*

 Also of relevance in the present case, a plaintiff challenging agency action under the APA must satisfy an additional standing requirement, which is a pruden-

tial rather than a constitutional standing requirement. 5 U.S.C. § 702; *Pye v. United States,* 269 F.3d 459, 466–67 (4th Cir.2001). Under this prudential standing requirement, the plaintiff's grievance must fall within the "zone of interests" to be protected or regulated by the statute or the constitutional guarantee in question. *Pye,* 269 F.3d at 466–67. As the district court cogently stated in its published opinion below, "[t]his inquiry must be determined not by reference to the overall purpose of the statute in question but, instead, by reference to the particular provision(s) of law upon which the plaintiff seeks redress." *Taubman,* 198 F.Supp.2d at 755 n. 22. *See, e.g., Bennett v. Spear,* 520 U.S. 154, 175–76, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997).

fendants, TRG will suffer economic loss by way of the devaluation of Regency Square Mall as a commercial property. The district court considered the first and second of these three alleged injuries, but apparently overlooked the last.

■■■■ We fully agree with the district court's reasons for concluding that the first and second alleged injuries set forth above do not provide TRG a sufficient basis for standing to survive the Federal Defendants' Rule 12(b)(1) motion to dismiss. *Taubman*, 198 F.Supp.2d at 756–60. With respect to TRG's third alleged injury—*i.e.*, the devaluation of Regency Square Mall as a commercial property— we also hold that such injury is insufficient to survive the Federal Defendants' Rule 12(b)(1) motion to dismiss for lack of standing. Critically, assuming *arguendo* that devaluation of Regency Square Mall as a commercial property satisfies all standing requirements under Article III, it does not satisfy the additional "zone of interests" standing requirement of the APA. First, we know of no authority, and TRG has offered none, in support of the proposition that the value of privately held commercial property near an interstate highway subject to the FAHA is within the zone of interests intended to be protected by the FAHA's requirement that the Secretary of Transportation or its designee approve all changes in access to interstate highways subject to the act, 23 U.S.C. § 111(a). We are not surprised by this circumstance given the fact that the FAHA was enacted with the purpose to improve the interstate highway system in order to "meet the needs of local and interstate commerce, for the national and civil defense." 23 U.S.C. § 101(b). Moreover, the potential devaluation of privately held commercial property is insufficient to trigger NEPA's requirement that an EIS be prepared for every proposal for major federal action significantly affecting the quality of the human environment. *Town of Stratford, Conn. v. FAA*, 285 F.3d 84, 88–89 (D.C.Cir.2002) (economic injury alone does not trigger EIS requirement under NEPA); 40 C.F.R. § 1508.14 ("[E]conomic and social effects are not intended by themselves to require preparation of an environmental impact statement [under NEPA]"). Accordingly, TRG's NEPA claim under the APA fails the zone of interests test as well.

■■■■ In sum, we affirm the district court's Rule 12(b)(1) dismissal of TRG's claims against the Federal Defendants for lack of standing.[3]

**3.** In the event we affirmed the district court's Rule 12(b)(1) dismissal without prejudice of TRG's claims against the Federal Defendants, TRG takes the position that we should modify the district court's dismissal order to provide that its Supremacy Clause claim against the County is dismissed without prejudice under Rule 12(b)(1) for lack of standing as well. TRG's position is premised upon its theory that if it lacks standing to bring its claims against the Federal Defendants, then it necessarily lacks standing to bring its Supremacy Clause claim against the County.

We disagree. Unlike TRG's claims against the Federal Defendants under the APA, TRG does not have to meet the additional standing requirement involving the zone of interests test with respect to its Supremacy Clause claim against the County. Here, we conclude that the allegation in TRG's complaint, that devaluation of Regency Square Mall as a commercial property will be the certain result of the County's approval of the Plan of Development for Short Pump Town Center, without federal approval of a new access point on Interstate Highway 64, and without preparation of an EIS under NEPA, is sufficient to establish the requirements of standing under Article III. The inevitable devaluation of Regency Square Mall constitutes an injury in fact. Such injury in fact is fairly traceable to the Supremacy Clause violation alleged. Finally, a favorable decision (*i.e.*, a declaration that the County's approval of the Plan of Development for Short Pump Town Center

### III.

In conclusion, we affirm *in toto* the district court's dismissal of TRG's complaint.

*AFFIRMED.*

violated the Supremacy Clause, and therefore, is null and void) would redress TRG's alleged injury in fact. Accordingly, we leave as is the district court's dismissal order.